UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STU MARVOS and PAULA MARVOS,

                         Plaintiffs,

            -against-

NEW YORK STATE FEDERATION OF
SEARCH & RESCUE TEAMS INC., RICK
SHILLING, and JOHN DOES 1-5,

                         Defendants.

---

**ORDER**

24-CV-04735 (PMH)

PHILIP M. HALPERN, United States District Judge:

New York State Federation of Search & Rescue Teams, Inc. and Rick Shilling (collectively, "Defendants") filed a Notice of Removal on June 21, 2024, removing this action from the Supreme Court of the State of New York, County of Putnam, to this Court. (Doc. 1, "Removal Not."). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Putnam.

## BACKGROUND

Defendants filed a Notice of Removal, which attached copies of the Summons and Complaint. (Removal Not., Ex. A, "Compl."). Defendants removed this action "based on diversity of citizenship" and allege that this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because (1) complete diversity exists between the parties and (2) "based on Plaintiffs' claims, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court." (*Id*. ¶¶ 2-4). Plaintiffs allege, in the Complaint, that they "have suffered significant injury to their good name." (Compl. ¶ 47).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1]

Here, Defendants rely on Plaintiffs' allegation that their reputation "has been seriously and irreparably damaged." (Removal Not. ¶ 3). The Complaint does not contain a specific amount that Plaintiffs seek in damages but only generally alleges that their reputation "has been seriously and irreparably damaged" and that they have suffered "significant injury to their good name." (Compl.

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

¶¶ 46-47). These generalized allegations are insufficient to support Defendants' conclusion that the amount-in-controversy requirement has been satisfied.

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' conclusory argument in the absence of any supporting information that the amount in controversy must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Accordingly, the Court finds that based on the Notice of Removal and the Complaint, that Defendants have failed to show that a reasonable probability exists that Plaintiffs' claims meet the jurisdictional threshold.

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Putnam. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Putnam, and to close this action. All pending matters are hereby terminated.

Dated:  White Plains, New York
            June 27, 2024

**SO ORDERED:**

_____
PHILIP M. HALPERN
United States District Judge